UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

**CIVIL ACTION NO. 06-124-JBC**

**MARTHA A. LAWSON,**                                                                                   **PLAINTIFF,**

**V.**                     **MEMORANDUM OPINION AND ORDER**

**JO ANNE BARNHART, COMMISSIONER,**
**SOCIAL SECURITY ADMINISTRATION,**                                      **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon the plaintiff's motion for relief pursuant to Fed. R. Civ. P. 59(e) (DE 19). The court, having reviewed the record and being otherwise sufficiently advised, will deny the motion.

This action is an appeal of the Commissioner's denial of the plaintiff's application for Supplemental Security Income and Disability Insurance Benefits. The parties filed cross-motions for summary judgment, and, in a Memorandum Opinion and Order entered on November 28, 2006, the court denied the plaintiff's motion for summary judgment and granted the Commissioner's motion for summary judgment. The plaintiff now seeks reconsideration of that decision.

In order to succeed on a motion for reconsideration, the movant must establish a clear error of law; present newly discovered evidence; show that there has been an intervening change in controlling law; or show that absent relief, a manifest injustice will result. *Gencorp, Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Such motions are not an opportunity

for the losing party to offer additional arguments in support of its position.  *Engler*, 146 F.3d at 374; *see also Kustom Signals, Inc. v. Applied Concepts, Inc.*, 247 F. Supp. 2d 1233, 1235 (D. Kan. 2003) (stating that motions under Rules 59 or 60 of the Federal Rules of Civil Procedure do not provide "a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed").

In her motion, the plaintiff claims that the transcript of her administrative hearing is incomplete; that the court and the Commissioner incorrectly interpreted the findings of Dr. Vaida, the plaintiff's treating physician; that the Commissioner improperly rejected the opinions of Dr. Atcher, a consulting physician; and that the ALJ inappropriately credited the opinions of Dr. Ratliff.  These arguments have all already been heard, addressed, and rejected by the court.  While the plaintiff has performed some admittedly "unscientific" tests demonstrating a discrepancy between the length of her hearing and the length of that hearing's transcript, she has failed to rebut the Commissioner's certification of the transcript as a complete record.  Further, the Commissioner fully explained her findings with regard to the reports of Drs. Vaida, Atcher, and Ratliff, and the court has found those findings to be supported by substantial evidence.  The plaintiff presents the court with no reason to overturn its conclusions but merely rehashes points she has already raised.  This constitutes insufficient grounds for relief under Rule 59(e).  Accordingly,

**IT IS ORDERED** that the plaintiff's motion (DE 19) is **DENIED**.

Signed on January 20, 2007

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY